IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| MARY LYNN MCDOUGLE, *Successor to* )<br>*Scott K. McDougle*, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>AMERICAN TOWER, INC. )<br>a/k/a AMERICAN TOWER, LLC, )<br>    Defendant. )<br>_____ ) | Civil No. 3:19cv435 (REP) |

## REPORT AND RECOMMENDATION

On May 10, 2019, Plaintiff Mary Lynn McDougle ("Plaintiff" or "McDougle") filed two Warrants in Debt in Henrico County General District Court against Defendant American Tower, Inc., also known as American Tower, LLC (collectively, "American Tower"), alleging two related breach-of-contract claims.[1] In response, on June 12, 2019, American Tower removed Plaintiff's Warrants to this Court. This matter now comes before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on: (1) American Tower's Motion to Dismiss (ECF No. 7), moving to dismiss Plaintiff's claims for failure to state a claim; (2) Plaintiff's Motion for Summary Judgment (ECF No. 14), moving the Court to grant summary judgment in Plaintiff's favor; and, (3) Plaintiff's Motion to Amend the *Ad Damnum* (ECF No. 26), moving to increase the amount of damages sought.

---

[1] Pursuant to Virginia Code § 16.1-79, "[a] civil action in a general district court may be brought by warrant directed to the sheriff or to any other person authorized to serve process in such county or city, requiring the person against whom the claim is asserted to appear before the court on a certain day . . . to answer the complaint of the plaintiff set out in the warrant."

For the reasons set forth below, the Court recommends that Plaintiff be given leave to replead her claims in a formal complaint, that Plaintiff's Motion to Amend the *Ad Damnum* (ECF No. 26) be DENIED AS MOOT, and that American Tower's Motion to Dismiss (ECF No. 7) and Plaintiff's Motion for Summary Judgment (ECF No. 14) be DENIED WITHOUT PREJUDICE, with leave to refile after Plaintiff has repleaded.

## I. JURISDICTION

Upon initial review of Plaintiff's Warrants, it appears that the Court cannot exercise subject matter jurisdiction over Plaintiff's claims, because, together, both Warrants seek damages of less than $75,000.00, the threshold above which the Court may exercise diversity jurisdiction. 28 U.S.C. § 1332(a); *see also* § 1441(a) (providing that removal jurisdiction relies on the original jurisdiction of the district court embracing the state court where an action is pending). Specifically, on the face of both Warrants, the Court observes that Plaintiff demands only $60,000.00, inclusive of attorneys' fees and exclusive of interest and costs. (Ex. A to Not. of Removal ("Warrants") (ECF No. 1-1) at 5, 7); *see* § 1332(a) (requiring that the amount in controversy exceed $75,000.00 "exclusive of interests and costs"); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) (holding that attorneys' fees permitted under state law can be considered in determining the amount in controversy). Recognizing this deficiency, in its Notice of Removal, American Tower represents that its search of documents related to the rental revenues at issue in this case reveals that American Tower could be liable to Plaintiff for up to $324,283.23. (Not. of Removal (ECF No. 1) ¶¶ 27-28.) Because the Court's ability to resolve the parties' motions relies on its authority to exercise jurisdiction over the subject matter of Plaintiff's claims, the Court will first address whether American Tower's Notice of Removal sufficiently establishes the Court's jurisdiction.

To that end, when, as here, "a plaintiff claims damages less than $75,000, removal is proper only if the 'defendant can prove to a legal certainty that the plaintiff would . . . recover more than that if she prevailed.'" *Washington v. Wells Fargo Bank, N.A.*, 2016 WL 1572941, at *1 (E.D. Va. Apr. 18, 2016) (quoting *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 945 (E.D. Va. 2010) (internal quotations and citations omitted)). The same pleading requirements that apply to a complaint also apply to a notice of removal. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). "Therefore, just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." *Id.* (internal quotations, citations and modifications omitted).

Here, American Tower's Notice of Removal sufficiently alleges a basis for subject matter jurisdiction. First, as mentioned, American Tower represents that the amount in controversy exceeds the threshold for diversity jurisdiction, reaching a total of $324,283.23. (Not. of Removal ¶ 27.) American Tower further alleges that the parties are fully diverse, affirming that Plaintiff resides in Virginia and that American Tower constitutes a Delaware LLC whose sole member, American Tower Corporation, is a Delaware corporation headquartered in Massachusetts. (Not. of Removal ¶¶ 11-14.) American Tower also attaches as an exhibit to its Notice of Removal documents establishing that Plaintiff seeks 40 percent of the rent received from the subleased use from May 15, 2014 until January 31, 2019 of a tower owned and operated by American Tower and located on land owned by Plaintiff (Tower 94329), which, based on American Tower's calculations, equals $324,283.23. (Ex. B to Not. of Removal (ECF No. 1-2)

3

at 1.) Based on these representations, the Court finds that it may exercise jurisdiction of Plaintiff's claims.

## II. AMERICAN TOWER'S MOTION TO DISMISS

Because American Tower's Motion to Dismiss tests the sufficiency of Plaintiff's Complaint, the Court will first consider American Tower's Motion. Only if Plaintiff has alleged a plausible right to relief will the Court reach the merits of her Motion for Summary Judgment.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts Plaintiff's well-pleaded factual allegations as true, though the Court need not accept Plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, Plaintiff's Warrants do not allege any specific facts in support of her right to relief, which precludes the Court from resolving the sufficiency of her claims. A "[p]laintiff is not absolved of the pleading requirements under the federal rules and *Twombly* and *Iqbal* simply because the action was first filed in state court." *Rankin v. Mattamy Home Corp.*, 2010 WL 3394036, at *3 (M.D.N.C. Aug. 26, 2010). That said, upon removal, a court may order repleading, Fed. R. Civ. P. 81(c), or may order a more definite statement, Fed. R. Civ. P. 12(e). And "courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears certain that such repleading would be futile." *Kelly v. City of Dallas*, 2017 WL 4270762, at *1 (N.D. Tex. Sept. 26, 2017) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Indeed, both parties concede that the Warrants do not satisfy the federal pleading requirements and, at least in part, request repleading. (*See* Not. of Removal ¶ 29 (asking the Court to order repleading "such that American Tower can submit a proper Answer"); Mem. in Supp. of Am. Tower's Mot. to Dismiss for Failure to State a Claim ("Am. Tower MTD Mem.") (ECF No. 8) at 9 (requesting, in the alternative, that the Court order Plaintiff to file an amended

4

complaint); Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s MTD Resp.") (ECF No. 13) at 6-7 (arguing that warrants in debt are not designed to meet the federal pleading requirements, so the remedy should be an order granting Plaintiff leave to consolidate and amend her claims); Am. Tower's Opp. to Pl.'s Mot. to Amend Ad Damnum ("Am. Tower Ad Damnum Mem.") (ECF No. 30) at 2 (representing that American Tower "does not oppose an amended complaint generally," but arguing that to amend the *ad damnum* without pleading facts to support the damages sought would prejudice American Tower).) Thus, the question becomes whether to grant Plaintiff leave to replead her claims in a formal complaint.

In deciding whether to provide leave for repleading, courts have applied the principles applicable to a motion for leave to amend. *See Lopez v. Ctpartners Exec. Search Inc.*, 173 F. Supp. 3d 12, 42-43 (S.D.N.Y. 2016) (considering whether to grant leave to replead using the leave to amend standard). Under the Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, a court may grant leave to replead even if the plaintiff presents her request to replead in a form other than a formal motion. *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006).

Here, the Court finds that several factors militate in favor of repleading. For one, as mentioned, both parties request repleading either directly or in the alternative in several submissions to the Court, including American Tower's Motion to Dismiss. Although American Tower argues that the plain language of the contracts underlying Plaintiff's claims entitle it to a judgment as a matter of law, (Am. Tower MTD Mem. at 5-8), based only on the Warrants, the Court cannot determine the specifics of Plaintiff's claims such that it could address those arguments without making assumptions that may unfairly prejudice Plaintiff. Indeed, American

y

Tower can always refile its Motion to Dismiss once Plaintiff has clearly presented her claims. Importantly, the Court finds that repleading would not cause undue delay this early in the proceedings, for the parties have yet to start discovery or set a trial date.

Accordingly, the Court recommends that Plaintiff be given leave to replead her claims in a formal complaint that lays out her factual allegations. Because Plaintiff will replead her claims, including her *ad damnum*, her Motion to Amend the *Ad Damnum* should be denied as moot. The parties' other motions should be denied without prejudice, with leave to refile after Plaintiff has repleaded.

### III. CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiff be given leave to replead her claims in a formal complaint, that Plaintiff's Motion to Amend the *Ad Damnum* (ECF No. 26) be DENIED AS MOOT, and that American Tower's Motion to Dismiss (ECF No. 7) and Plaintiff's Motion for Summary Judgment (ECF No. 14) be DENIED WITHOUT PREJUDICE, with leave to refile after Plaintiff has repleaded.

Let the Clerk forward a copy of this Report and Recommendation to Senior United States District Judge Robert E. Payne and all counsel of record.

### NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted**

by the District Judge except upon grounds of plain error.

                                                          /s/
                                     David J. Novak
                                     United States Magistrate Judge

Richmond, Virginia
Date: October 4, 2019